IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALBERT CANTU, JR., § | |
|     Plaintiff, § | |
| § | |
| v. § | No. 3:19-cv-01701-B |
| § | |
| FREEDOM MORTGAGE § | |
| CORPORATION, § | |
|     Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this removed civil action is Defendant Freedom Mortgage Corporation's (FMC) Motion for Summary Judgment (ECF No. 12). For the following reasons, the Court should GRANT the Motion.

**Background**

Plaintiff Albert Cantu purchased a home in Forney, Texas (the "Property") on June 4, 2014, with proceeds from a mortgage loan (the "Loan") evidenced by a Note in favor of Fairway Independent Mortgage Corporation and secured by a deed of trust (the "DOT") encumbering the Property. Pl.'s Original Pet. 7–8, ¶¶ 8–9 (ECF No. 1-1); Def.'s MSJ App., Ex. A-1 & Ex. A-2 (ECF No. 14). Cantu has not made a Loan payment since June 1, 2015. Def.'s MSJ App. 2, Ex. A, ¶ 6; *see also id.* Ex. A-5.

FMC began servicing the Loan in October 2015. *Id.* at 2, Ex. A, ¶ 4 & Ex. A-4. It is the current holder of the Note, indorsed in blank, and it has had possession

of the Note since December 1, 2015. *Id.* at ¶ 4 & Ex. A-1. It is also the assignee of the DOT. *Id.* & Ex. A-3.

FMC sent Cantu Notices of Default and Intent to Accelerate on November 12, 2015 and December 9, 2015. *Id.* at 3, ¶ 6 & Ex. A-5. Cantu failed to cure the default, and, after enduring years of bankruptcy proceedings filed by Cantu and his wife, FMC posted the Property for a foreclosure sale on July 2, 2019. *Id.* at ¶ 7 & Ex. A-8.

On July 1, 2019, Cantu filed this action in the Kaufman County Court of Law seeking a Temporary Restraining Order and Temporary Injunction halting foreclosure and asserting claims for breach of contract and violations of the Texas Debt Collection Act (TDCA). Pl.'s Original Pet. 11–12. FMC timely removed the suit to federal court asserting diversity jurisdiction. Notice Removal 2, ¶ 5 (ECF. No. 1). It now moves for summary judgment as to all of Cantu's claims and causes of action. Mot. (ECF No. 12). Cantu failed to file a written response or attend a hearing on FMC's Motion despite a Court Order requiring his presence (ECF No. 28). Accordingly, the Court will consider FMC's Motion without the benefit of a response.

**Legal Standard**

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods.,*

*Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citations omitted). The movant's burden can be satisfied by demonstrating that there is an absence of evidence to support the nonmoving party's case, which the nonmovant bears the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991); Fed. R. Civ. P. 56(e)).

The party opposing the summary judgment motion must identify specific evidence in the record and state the precise manner in which that evidence supports the party's claim. *Esquivel v. McCarthy*, 2016 WL 6093327, at *2 (N.D. Tex. Oct. 18, 2016) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988)). "Rule 56 does not impose a duty on the court to 'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment." *Id.* (citing *Ragas*, 136 F.3d at 458; *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)).

## Analysis

I.  <u>Cantu has abandoned his claims.</u>

It is well established in this Circuit that "[w]hen a plaintiff fails to defend a claim in response to . . . a summary judgment motion, the claim is deemed abandoned." *See Arias v. Wells Fargo Bank, N.A.*, 2019 WL 2770160, at *2–3 (N.D. Tex. July 2, 2019) (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)) (determining that the plaintiff abandoned his claim by failing to respond to the defendant's Supplement to Motion for Summary Judgment); *see also Scales v. Slater,* 181 F.3d 703, 708 n. 5 (5th Cir. 1999) (plaintiff abandoned claim by failing to contest defendant's arguments for dismissal of that claim); *Gray v. Wal-Mart Stores Tex., LLC*, 2020 WL 7327994, at *4 (N.D. Tex. Nov. 6, 2020) (Rutherford, J.), *rec. adopted*, 2020 WL 7322737 (N.D. Tex. Dec. 11, 2020) ("Because Plaintiff has offered no evidence raising a material fact issue as to any element of her . . . claim—indeed, she has not responded or offered any evidence [at] all—the Court finds that Plaintiff has abandoned her claim . . . .").

Although Cantu was initially represented by counsel, he has been proceeding *pro se* since April 2020. The District Court permitted Cantu's attorney to withdraw for nonpayment of fees and because Cantu had stopped communicating with his attorney and refused to assist with the prosecution of this lawsuit. *See* Mot. Withdraw 2–3 (ECF No. 15) ("[Cantu] has failed, neglected or refused to respond to Plaintiff's counsel or make any payments, and has also failed to provide Plaintiff's counsel with any further assistance in the prosecution of this cause.").

Counsel's motion to withdraw specifically advised Cantu that FMC had filed a summary judgment motion and that a response was due within 21 days from the date of its filing, or on or before April 30, 2020. *Id.* at 3. And, consistent with the District Court's order, counsel confirmed that Cantu had received a copy of the motion and the incorporated notice of the summary judgment motion. Resp. (ECF No. 17).

On April 21, upon the District Court's referral of FMC's Motion for Summary Judgment to the magistrate judge, the undersigned *sua sponte* granted Cantu an extension of time to file his response to the summary judgment motion. The undersigned also warned Cantu that if he did not respond by May 21, it could result in a recommendation that the Court find Plaintiff had abandoned his claims. Order 1 (ECF No. 21). Cantu, nevertheless, failed to file a response to the motion. Indeed, he has entirely failed to rebut any of FMC's arguments and has offered no evidence raising a material issue as to several essential elements of his claims.

On December 1, the Court set a hearing on FMC's Motion for Summary Judgment for December 15 via Zoom video call and required Cantu to attend. Order (ECF No. 28). Cantu received a copy of the Order Setting Hearing from the Court and also from FMC's counsel, whom the Court had required to personally serve Cantu with the Order. *See* Return (ECF No. 29). FMC's counsel further represented to the Court at the December 15 hearing that he had provided the Zoom call link to Cantu. However, Cantu failed to attend the December 15, 2020, hearing on FMC's Motion for Summary Judgment.

It therefore appears that Cantu has abandoned his claims. Accordingly, FMC is entitled to summary judgment. *See Gray*, 2020 WL 7327994, at *4 (concluding that defendant was entitled to summary judgment because plaintiff abandoned his claim by failing to respond to defendant's motion or otherwise raise a material fact issue); *Catlett v. Duncanville Indep. Sch. Dist.*, 2010 WL 3467325, at *12 (N.D. Tex. Sept. 2, 2010) (Kinkeade, J.) (entering summary judgment for plaintiffs where plaintiff did not respond to the defendant's motion for summary judgment).

In the alternative, FMC is entitled to summary judgment on the merits for the reasons set forth below.

II.  FMC is entitled to summary judgment on Cantu's breach of contract claim.

Cantu claims that FMC breached the DOT by failing to provide him with any notice of default and opportunity to cure before accelerating the Loan and posting the Property for foreclosure. *See* Pl.'s Original Pet. 12, ¶¶ 28–29 (ECF No. 1-1). FMC argues that it is entitled to summary judgment on this breach of contract claim because, among other things, Cantu has no damages.

When a court exercises diversity jurisdiction, as it does here, it is "bound to apply the law as would a Texas Court." *Charalambopoulos v. Grammer*, 2017 WL 606639, at *12 (N.D. Tex. Feb. 15, 2017) (Fitzwater, J.) (citing *Eerie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Texas courts have identified four essential elements of a breach of contract claim: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract

6

by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (emphases removed); *see also Landrum v. Devenport*, 616 S.W.2d 359, 361 (Tex. App.—Texarkana 1981, no writ).

Cantu has adduced no evidence that he suffered damages as the result of any alleged breach by FMC. In Texas, there are no damages recoverable under a breach of contract claim in the context of foreclosure if there is no foreclosure sale and the property owner maintains title and continuous possession of the property. *Robinson et al. v. Wells Fargo Bank N.A.*, 2020 WL 7010043, at *3 (N.D. Tex. Oct. 15, 2020) (Rutherford, J.) *(*citing *Peoples v. BAC Home Loans Servicing, LP*, 2011 WL 1107211, at *4 (N.D. Tex. Mar. 25, 2011)) (holding plaintiff failed to allege damages for breach of contract where no foreclosure occurred, she remained in continuous possession and occupation, and title remained in her name).

There is no dispute in this case that FMC never foreclosed on, and Cantu remains in possession of and currently occupies, the Property. *See* Pl.'s Original Pet. 1, ¶ 2 (ECF No. 1-1); Def.'s MSJ Br. 11, ¶ 7 (ECF No. 13) (stating that Cantu obtained a Temporary Restraining order halting the foreclosure sale). Nothing in the record suggests that Cantu has lost title to, or no longer resides at, the Property. Accordingly, Cantu has failed to raise a genuine fact issue as to an essential element of his breach of contract claim under Texas law. The Court should dismiss this claim with prejudice.

III. <u>FMC is entitled to summary judgment on Cantu's TDCA claims.</u>

Cantu also claims that FMC violated various provisions of the TDCA. *See* Pl.'s Original Pet. 12–13 (ECF No. 1-1).

The TDCA prohibits debt collectors from using threats, coercion, or other wrongful practices in the collection of consumer debts. *See Gomez v. Wells Fargo Bank, N.A.*, 2010 WL 2900351, at *3 (N.D. Tex. July 21, 2010); *Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986). To prevail on a TDCA claim, a plaintiff must establish (1) the existence of a consumer debt; (2) that the defendant is a debt collector as defined by the TDCA; (3) that the defendant committed a wrongful act in violation of the TDCA; (4) against the plaintiff; and (5) plaintiff suffered injury as a result of the defendant's wrongful act. *Putty v. Fed. Nat'l Mortg. Ass'n*, 2017 WL 5070423, at *3 (N.D. Tex. Nov. 3, 2017) (citations omitted). The Fifth Circuit has held that mortgage "servicers and assignees are debt collectors, and therefore are covered, under the TDCA." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 722 (5th Cir. 2013) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)) (emphasis removed); *see also Starling v. JPMorgan Chase Bank, N.A.*, 2013 WL 4494525, at *7 (N.D. Tex. Aug. 22, 2013) ("Because Defendant is attempting to collect on the mortgage note and foreclose on the Property, it is a debt collector under the TDCA.").

FMC does not dispute that it is a debt collector under the TDCA. Rather, it argues that Cantu's claims fail because it did not commit any unlawful debt collection practices. Def.'s MSJ Br. 17 (ECF No. 13). The Court will briefly consider

each alleged violation in turn.

    a. <u>392.301(a)(7)</u>

The TDCA prohibits debt collectors from "threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings." Tex. Fin. Code § 392.301(a)(7). Cantu claims FMC violated this provision by failing to provide him with notice of default and opportunity to cure, instead proceeding to accelerate the Loan and post the Property for foreclosure. Pl.'s Original Pet. 13, ¶¶ 31–32 (ECF No. 1-1). But § 392.301(b)(3) of the TDCA clarifies that subsection (a) does not prevent a debt collector from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." *Gooden v. Wells Fargo Bank, N.A.*, 2019 WL 6829047, at *4 (N.D. Tex. Dec. 13, 2019) (quoting § 392.301(b)(3)) (internal quotations omitted). The Fifth Circuit has, consequently, established that § 392.301(a)(7) "simply does not apply to non-judicial foreclosure." *McCaig v. Wells Fargo Bank (Tex.), N.A.*, 788 F.3d 463, 477 (5th Cir. 2015).

Here, the DOT explicitly provides for acceleration and power of sale upon default by the Borrower. Def. MSJ App. 013–14, Ex. A-2 at ¶ 9. Accordingly, Cantu cannot maintain a claim under § 392.301(a)(7) challenging FMC's acceleration of the Loan and subsequent posting of the Property for a non-judicial foreclosure sale. *See Holt v. Ocwen Loan Servicing, LLC*, 2013 WL 7211759, at *2 (S.D. Tex. Dec. 12, 2013) ("Because Texas allows for the nonjudicial sale of property . . . [the

9

plaintiff] does not have a claim under [§ 392.301(a)(7)] . . ..") (citing Tex. Prop. Code § 51.002).

 b. § 392.301(a)(8)

The TDCA also prohibits debt collectors from using "threats, coercion, or attempts to coerce" by means of "threatening to take an action prohibited by law." Tex. Fin. Code § 392.301(a)(8). But Cantu is not entitled to relief under § 392.301(a)(8) because threatening foreclosure is not prohibited by the TDCA.

It is well established in the Fifth Circuit that "foreclosure, or the threat of foreclosure, is not an action prohibited by law when a plaintiff has defaulted on their mortgage." *Wildly v. Caliber Bank, N.A.*, 2017 WL 5987590, at *3 (N.D. Tex. Nov. 30, 2012) (citing *Burr v. JPMorgan Chase Bank, N.A.*, 2012 WL 1059043, at *7 (S.D. Tex. March 28, 2012)). The district court in *Clark v. Deutsche Bank National Trust Company* found a bank did not threaten to take an action prohibited by law when threatening to foreclose on plaintiff's property because it had a contractual right to do so given plaintiffs' admitted default. 2015 WL 4093948, at *12 (N.D. Tex. July 7, 2015). And even when the bank lacked legal authority to foreclose on the plaintiff's property in *Wildly v. Caliber Bank*, the district court still dismissed the § 392.301(a)(8) claim because threats to foreclose on the property were still not an unlawful action. *Wildly*, 2017 WL 5987590, at *3.

In this case, there is no dispute that the mortgage loan was in default. *See* Pl.'s Original Pet. 8–10, ¶¶ 11, 21 (ECF No. 1-1). FMC, as the holder of the Note and assignee of the DOT, was therefore entitled to initiate non-judicial foreclosure

10

proceedings against the Property. *See* Def. MSJ App. 013–14, Ex. A-2 at ¶ 9 (detailing acceleration and power of sale); *see also Gooden v. Wells Fargo Bank, N.A.*, 2019 WL 6829047, at *4 (N.D. Tex. Dec. 13, 2019) (quoting *McCaig v. Wells Fargo Bank (Tex.), N.A.*, 788 F.3d 463, 477 (5th Cir. 2015)) ("[t]he right to a nonjudicial foreclosure . . . is a contractual right memorialized within a deed of trust or contract lien.") (internal quotations omitted). Thus, Cantu cannot maintain a claim under § 392.301(a)(8).

    c. § 392.304(a)(8)

Section 392.304(a) of the TDCA prohibits a debt collector from using "fraudulent, deceptive, or misleading misrepresentation that employs" certain practices. Tex. Fin. Code § 392.304(a). Among those proscribed practices is "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." *Id.* at § 392.304(a)(8). To prevail, plaintiffs must demonstrate the debt collector made a false or misleading statement that "led [them] to think differently with respect to the character, extent, amount, or status of [their] debt." *Miller v. BAC Home Loan Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013). Cantu's § 392.304(a)(8) claim fails because he cannot establish that FMC caused him to think differently about the debt.

Cantu contends that FMC violated the TDCA by making an "intentional and/or knowing misrepresentation of the character, amount or extent of the debt to be collected." Pl.'s Original Pet. 13, ¶ 31 (ECF No. 1-1). However, Cantu offers

11

only his summary allegation that FMC's actions caused him to think he owed a different amount, that he was not in default, or that a mortgage debt did not exist on the Property. *See id.* There is nothing to show what information regarding the mortgage debt FMC purportedly misrepresented. Accordingly, Cantu's claim under § 392.304(a)(8) fails. *See Douglas v. Wells Fargo Bank, N.A.*, 2020 WL 6588598, at *7 (E.D. Tex. Oct. 21, 2020) (dismissing plaintiff's claim under § 392.304(a)(8) because the plaintiff failed to show "that any purported misrepresentation caused her to believe she did not have a mortgage debt or had not defaulted").

d. 392.304(a)(19)

Section 392.304(a)(19) of the TDCA is a catch-all provision that prohibits a debt collector from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." Tex. Fin. Code § 392.304(a)(19); *see Brinkley v. PennyMac Loan Servs., LLC*, 2018 WL 6004309, at *9 (N.D. Tex. Oct. 22, 2018) ("Section 392.304(a)(19) is a catch-all provision that addresses all false representations or deceptive means that a party might employ in collecting a debt."). The Fifth Circuit has established that "[t]o violate the TDCA using a misrepresentation, the debt collector must have made an *affirmative* statement that was false or misleading." *Verdin v. Fed. Nat'l Mortg. Ass'n*, 540 F. App'x. 253, 257 (5th Cir. 2013) (quoting *Kruse v. Bank of N.Y. Mellon*, 936 F.Supp.2d 790, 792 (N.D. Tex. April 1, 2013) (Boyle, J.)) (internal quotations omitted) (emphasis added).

Again, Cantu claims FMC's failure to give notice constitutes a violation of this provision, Pl.'s Original Pet. 13, ¶ 31, but does not identify any affirmative statement made by FMC in an attempt to deceive him. As a result, his claim under § 392.304(a)(19) fails. *See Robins v. PHH Mortg. Corp.*, 2020 WL 5604042, at *4 (S.D. Tex. Sept. 18, 2020) (finding plaintiff failed to state a claim under § 392.304(a)(19) because she did not identify any affirmative statement made by the defendant to constitute a misrepresentation).

IV. Cantu is not entitled to injunctive relief.

Cantu does not have a plausible underlying legal claim, so he is not entitled to injunctive relief. Under Texas law, injunctive relief is an equitable remedy, not an independent cause of action. *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (Fitzwater, J.) (citing *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.)).

Here, Cantu has failed to provide supporting evidence for any of his claims sufficient to create a genuine dispute of material fact. Accordingly, he is not entitled to relief on any of his substantive claims or on his claim for injunctive relief. *See Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *7 (E.D. Tex. March 24, 2011) ("As all of Plaintiffs' causes of action should be dismissed, and Plaintiffs have failed to allege sufficient facts to support their claims, Plaintiffs are not entitled to injunctive relief.").

II.  <u>Cantu is not entitled to attorney's fees.</u>

Similarly, Cantu cannot recover attorney's fees. In Texas, plaintiffs are not entitled to attorney's fees unless they state a viable cause of action. *See Avila v. Mortg. Elec. Reg. Sys., Inc.*, 2012 WL 6055298, at *7 ("without a viable cause of action, [plaintiff] is not entitled to recover attorney's fees"); *see also Everhart v. CitiMortgage, Inc.*, 2013 WL 264436, at * 6 ("[plaintiffs] are not entitled to their requested attorney's fees . . . because they have not pled any viable cause of action against Defendant"). Because there is no genuine issue of any material fact, Cantu is not entitled to attorney's fees.

## Recommendation

For the reasons stated, the Court should GRANT Defendant's Motion for Summary Judgment (ECF No. 12) and dismiss Plaintiff's claims with prejudice.

January 4, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).